1  David Lawrence Oberg, State Bar No. 137538
   LAW OFFICES OF DAVID LAWRENCE OBERG
2  A Professional Corporation
   23679 Calabasas Road, Suite 541
3  Calabasas, California 91302
   Telephone: (818) 223-9384
4  Facsimile: (818) 743-7612
   Email: David@ObergLawAPC.com
5
6  Attorneys for David Gould,
   Former Estate Representative
7

8              **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA--SAN FERNANDO VALLEY DIVISION**

10

11 In re                                    ) Case No. 1:07-bk-13006 GM
                                            ) Adv. Proc. No. 1:16-ap-01079-GM
12 QUALITY HOME LOANS,                      ) Chapter 11
                                            )
13          Reorganized Debtor.             )
                                            )
14 -------------------------------------------- ) **PLAINTIFF'S MOTION TO PUBLISH**
                                            ) **SUMMONS; MEMORANDUM OF**
15 DAVID GOULD, the former Estate          ) **POINTS AND AUTHORITIES;**
   Representative for Quality Home Loans,   ) **DECLARATIONS OF DAVID GOULD,**
                                            ) **ERIC SCHWARZ, AND DAVID**
16          Plaintiff,                       ) **LAWRENCE OBERG**
                                            )
17          vs.                              )
                                            ) Date:   July 12, 2016
18 ALFREDO MACIAS; VICTOR MORALES;          ) Time:   10:00 a.m.
   ALVIN WALDEN; ANDRES ROSALES;            ) Place:  Courtroom 303
19 ANGEL J. PEREZ-MORALES; ARNOLDO          )         21051 Warner Center Lane
   ROBINSON; BARBARA J. WILLIAMS;           )         Woodland Hills, CA 91367
20 BEATRICE NASH; BOB RICHMOND;             )
   BRYAN LOWERY; CAESAR ACEITUNO;           )
21 CARLA DENISE WESLEY; CARLOS R.           )
   NUNEZ; CONNIE B. JOHNSON; CRAIG          )
22 VERNON; DANIEL JOHNSON; DAVID L.         )
   BART III; DEAN  JONES; DEBORAH L.        )
23 DAVIS; DEL G. AZCUETA; DIANA             )
   JOHNSON-THOMAS; DITAGI J. GREENE;        )
24 DRAPER & GOLDBERG, PLLC; EDWARD          )
   HERVEY; ELLIOTT RUBEN; GWENDOLYN         )
25 GROVE-WILLIAMS; J. KRISTOPHER            )
   TOMERLIN; JACQUELINE O'NEILL; JAIME      )
26 DIEZ, JR.; JAMEY GUILLERMO; JEREMY D.    )
   HENDERSON; JOHN PAUL COWAN; JORGE        )
27 CERVANTES; JOSEPH DONALD BAILEY;         )
   JOSEPH LEWIS; JOSEPH LOGAN; JUAN         )
28 ANTONIO ROMERO; KATIE JONES; KEVIN       )

1  F. SANBORN; KEVIN WILLIAMS; KIRK     )
   PARHAM; LASHAWN MCCALL;               )
   LAWRENCE ATKINSON; LEIGHTON L.        )
2  JOHNSON JR.; LEWIS CUNNINGHAM III;    )
   LORENA CERON; LUCY A. ROMERO; LUZ     )
3  MARIA MORALES; MARIBEL JONES;         )
   MARY HELEN B. MILANES; MICAELA        )
4  SEDANO; MICHAEL O. FOX; NATHAN C.     )
   NYE JR.; NATIONAL FIELD               )
5  REPRESENTATIVE; NORRAL MATTHEW;       )
   ODNEY BREDY; PARNELLI DAVIS;          )
6  RAMON MARQUEZ; REYNA REYNOSO;         )
   RICARDO RAMIREZ; RICHARD B. BARTIK;   )
7  RITA M. DURKEE; SAMMIE MILDRED        )
   BURTON; SANDRA GALE MARTINO; SAUL     )
8  ORTEGA; SOLEDAD MEZA; VIRGINIA        )
   ROBINSON; RC CONSTRUCTION;            )
9  ELEANOR WARD; FILIPE GODINA; and      )
   BERNITA CARSTAIRS;                    )
10                                       )
                 Defendants.             )
11  _____    )
                                         )

12

13        David Gould, the former Estate Representative ("Plaintiff") for the estate of Quality Home

14  Loans ("Debtor"), hereby moves the Court for an order ("Motion") allowing service by publication

15  of the underlying Plaintiff's Complaint in Interpleader ("Complaint").  The Motion is based upon

16  the Notice of Motion filed and served concurrently herewith, the accompanying Motion,

17  Memorandum of Points and Authorities, Declarations of David Gould, Eric Schwarz, and David

18  Lawrence Oberg, and all papers and pleadings on file herein, and such other evidence that may be

19  presented to the Court at or prior to the hearing on the Motion.

20  Dated: June 10, 2016              Law Offices of David Lawrence Oberg, APC

21                                    By: */s/ David Lawrence Oberg*
                                      David Lawrence Oberg
22                                    Attorneys for David Gould,
                                      Former Estate Representative
23

24

25

26

27

28

                                      -2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    JURISDICTION

Jurisdiction of this matter is originally vested in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1334.  The United States District Court has referred this matter to the Court pursuant to 28 U.S.C. §157(a).  This matter as a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (K), (L) and (O).  Venue is proper in this Court pursuant to 28 U.S.C. §1408.

## II.    SUMMARY OF FACTS, STATUS, AND RELIEF REQUESTED

### A.    Summary of Facts

On August 21, 2007, Quality Home Loans ("Debtor") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.  On October 31, 2007 the Court entered an order approving the appointment of Plaintiff as the Chapter 11 Trustee for the Debtor's estate.  On August 31, 2009, the Court entered its order confirming the joint liquidating Chapter 11 Plan ("Plan") proposed by the Committee and Plaintiff.  The Plan became effective on September 3, 2009.  Plaintiff was appointed as the Estate Representative under the confirmed Plan.

On December 1, 2015, Plaintiff filed his Motion for Order: (1) Approving Entry Into Remnant Assignment Agreement; (2) Approving Final Report and Account and Distributions; and (3) Discharging Estate Representative and Entering Final Decree Closing Case ("Motion for Final Decree"). [ECF 743]  In the Motion for Final Decree, Plaintiff advised the Court that he had fully administered the Debtor's Chapter 11 estate, except that he was holding approximately $98,779.33 in unclaimed trust funds ("QHL Trust Funds"), and that the Plan was silent as to how the unclaimed property should be treated.  Plaintiff advised the Court that he intended to interplead the QHL Trust Funds with the Clerk of the United States Bankruptcy Court ("Clerk"), and that he would ultimately move the Court for an order authorizing that any unclaimed portion of the QHL Trust Funds be treated in a manner consistent with unclaimed property in a Chapter 7 case.

The Court granted the Motion for Final Decree pursuant to an order entered on December 28, 2015. [ECF 750] The Court discharged Plaintiff as the Estate Representative, and entered a Final Decree in the Debtor's case.  However, the Court authorized Plaintiff to commence an

1 | interpleader action concerning the QHL Trust Funds.  In accordance with that order, on May 23,

2 | 2016 Plaintiff commenced the within adversary proceeding by filing the Complaint.

**B.**    **Procedural Status and Necessary Further Actions To Resolve This Case.**

The essence of the Complaint is to return the QHL Trust Funds to the defendants.  The Complaint was filed on May 23, 2016 and served on May 26, 2016.  The last day for the defendants to respond to the Complaint is currently June 23, 2016 ("Response Deadline").

After the defendants have either responded or their defaults have been entered, the Plaintiff will be in a position to advise the Court and the parties as to whether or not there are sufficient funds to pay the responding defendants in full from the QHL Trust Funds, or if some proration will be required.  As such, after the Response Deadline, Plaintiff will file an appropriate motion with this Court seeking the following:

(1)    To have the default judgment entered against each defendant that failed to respond to the Complaint;

(2)    To have the fees and costs of Plaintiff's counsel paid from the QHL Trust Funds;

(3)    To pay each of the responding defendants from the QHL Trust Funds; and

(4)    To have the "net" amount remaining in the QHL Trust Funds be paid to the Clerk of the Court in accordance with Bankruptcy Code §347 as if this case were administered under Chapter 7 of the Bankruptcy Code.

However, as explained further below, Plaintiff anticipates that not all defendants have been served, that the Response Deadline will need to be extended for some defendants, and that before Plaintiff can proceed further, he needs to have the summons and Complaint served by publication.

**C.**    **Summary of Relief Requested.**

Prior to filing the Complaint, Plaintiff was able to locate several individuals that held claims against the QHL Trust Funds.  Those individuals have received their portion of the QHL Trust Funds, and are not named in the Complaint.  On the other hand, each defendant named in the Complaint is someone who Plaintiff was unable to contact, but believed to have an interest in the QHL Trust Funds.

Attached to the Declaration of David Gould as Exhibit "1" is the name, and last known address for each defendant named in the Complaint. Plaintiff attempted to serve the Complaint on May 26, 2016. However, as set forth in Exhibit "1" there are four defendants for whom Plaintiff could not locate any address. These defendants are: RC Construction, Eleanor Ward, Filipe Godina and Bernita Carstairs (collectively, the "No Address Defendants").

In addition, Plaintiff anticipates that the last known address for several defendants may not be the most current address (collectively, the "Changed Address Defendants"). Plaintiff has already received "returned" mail which the U.S. Post Office could not deliver for several defendants. A list of those defendants is set forth in Exhibit "2" to the Gould Declaration. Prior to the hearing on this Motion, Plaintiff will provide the Court with an update to the list of the Changed Address Defendants.

Accordingly, through this Motion, Plaintiff requests that the Court issue an alias summons, and allow Plaintiff to serve the Complaint and the alias summons on the No Address Defendants and the Changed Address Defendants, by publication. In addition, Plaintiff seeks authority to have the costs for publishing the summons to be paid from the QHL Trust Funds being held by Plaintiff.

## III.    DISCUSSION

### A.    The Court Should Allow The Complaint To Be Served By Publication.

Service by publication in a newspaper is appropriate because: (1) the defendants cannot be effectively served as otherwise provided by the Federal Rules of Bankruptcy Procedure and by the Federal Rules of Civil Procedure; (2) the Court determines the form and manner of such publication; and (3) California law provides for service by publication in a newspaper and gives guidance as to the appropriate form and manner of such publication.

#### 1.    Personal Service has been Ineffective

Fed.R.Bankr.P. 7004(c) deems service by publication proper, where service by other means has been ineffective. Rule 7004(c) provides in pertinent part as follows:

> If a party to an adversary proceeding to determine or protect rights in property in the custody of the court cannot be served as provided in Rule 4(e)-(j) F.R.Civ.P. or subdivision (b) of this rule, the court may order the summons and complaint to be served by mailing copies thereof by first class mail, postage prepaid, to the

party's last known address, and by at least one publication in such manner and form as the court may direct.

In this case, before filing the Complaint, Plaintiff attempted to contact each defendant named herein at their last known address.  Plaintiff also used public record data basis to obtain contact information for each defendant.  However, despite these efforts, Plaintiff was unable to contact the defendants, was unable to locate a more current address for the Changed Address Defendants, and was unable to even locate an address for the four No Address Defendants.  Thus, Plaintiff respectfully submits that service by publication is appropriate in this case.

## 2.    The Court Shall Determine the Form and Manner of Service

Fed.R.Bankr.P. 9008 provides that the form and manner of service by publication, including publication in a newspaper, is to be determined by this Court.  Rule 9008 provides as follows:

> Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications.

Rule 9008 provides this Court with the statutory authority to allow service by publication, and provides this Court with authority to determine the form and manner of such service.  Although not binding, Cal. Civ. Pro. Code § 415.50, provides guidance regarding the form and manner of service by publication.

> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served and direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.  Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

> (c) Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code.

-6-

Id.  See, <u>In re Ass'n of Volleyball Prof'ls</u>, 256 B.R. 313, 318-19 (Bankr. C.D. Cal. 2000).  In addition, Cal. Gov. Code §6064 provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks.  Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient.  The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

<u>Id</u>.

In this case, Plaintiff proposes that, upon the entry of an order by the Court granting this Motion, that the Court issue an alias summons and that the alias summons be published in the Los Angeles Times pursuant to the requirements of Cal. Civ. Proc. Code § 415.50 and Cal. Gov. Code § 6064 as follows: Plaintiff will publish the summons at least four times during a twenty-eight day period, with at least five days between each publication.

Plaintiff has already attempted to serve the Summons and Complaint on every defendant at the last known address as set forth in Exhibit "1".  If during the period that the alias summons is published Plaintiff ascertains an address for any one of the No Address Defendants, or the Changed Address Defendants, Plaintiff will forthwith mail the alias summons and the Complaint to that defendant at that new address obtained by Plaintiff.

As set forth in the attached Declaration of David Lawrence Oberg, Plaintiff is advised that the costs to publish the summons with the Los Angeles Times will be $1,307.00.  Thus, through this Motion, Plaintiff also seeks authority to have said costs of publication paid directly from the QHL Trust Funds which Plaintiff is currently holding in Mr. Oberg's attorney/client trust account.

## IV.    CONCLUSION

Despite the good faith and best efforts of Plaintiff, Plaintiff has been unable to locate and serve the Complaint upon the No Address Defendants listed in Exhibit "1" and the Changed Address Defendants set forth in Exhibit "2".  Based upon the foregoing Motion, Plaintiff requests

1   that the Court grant this Motion, issue an alias summons, and authorize Plaintiff to serve the alias

2   summons and Complaint in this adversary proceeding by publication on the No Address

3   Defendants and the Changed Address Defendants.  In addition, Plaintiff requests that the costs for

4   such publication to be paid directly from the QHL Trust Funds being held by Plaintiff.

5   Dated: June 10, 2016              Law Offices of David Lawrence Oberg, APC

6                                     By: */s/ David Lawrence Oberg*

7                                     David Lawrence Oberg
                                      Attorneys for David Gould, Former Estate Representative
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF DAVID GOULD

I, David Gould, declare as follows:

1.      I am an attorney licensed to practice law in the State of California since January 5, 1966.  I am also admitted to practice in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court.  I have personal knowledge of each of the facts stated herein and if called as a witness, could competently testify thereto.

2.      On August 21, 2007, Quality Home Loans ("Debtor") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.  On October 31, 2007 the Court entered an order approving my appointment as the Chapter 11 Trustee for the Debtor's estate ("Trustee").  On August 31, 2009, the Court entered its order confirming the joint liquidating Chapter 11 Plan ("Plan") proposed by the Committee and the Trustee.  The Plan became effective on September 3, 2009.  I was then appointed as the Estate Representative under the confirmed Plan ("Estate Representative").

3.      On December 1, 2015, I, as the Estate Representative, filed a Motion for Order: (1) Approving Entry Into Remnant Assignment Agreement; (2) Approving Final Report and Account and Distributions; and (3) Discharging Estate Representative and Entering Final Decree Closing Case ("Motion for Final Decree"). [*ECF 743*]  In the Motion for Final Decree, I advised the Court that the Estate Representative had fully administered the Debtor's Chapter 11 estate, except that he was holding approximately $98,779.33 in unclaimed trust funds ("QHL Trust Funds"), and that the Plan was silent as to how the unclaimed property should be treated.  I advised the Court that the Estate Representative intended to interplead the QHL Trust Funds with the Clerk of the United States Bankruptcy Court ("Clerk"), and that he would ultimately move the Court for an order authorizing that any unclaimed portion of the QHL Trust Funds be treated in a manner consistent with unclaimed property in a Chapter 7 case.

4.      The Court granted the Motion for Final Decree pursuant to an order entered on December 28, 2015. [*ECF 750*] The Court discharged the Estate Representative, and entered a Final Decree in the Debtor's case.  However, the Court authorized the Estate Representative to

1   commence an interpleader action concerning the QHL Trust Funds.  In accordance with that order,

2   on May 23, 2016, in my capacity as the former Estate Representative (hereinafter, "Plaintiff"), I

3   commenced the within action by filing the Complaint.

4          5.      Prior to filing the Complaint, Plaintiff was able to locate several individuals that

5   held claims against the QHL Trust Funds.  As described in the attached Declaration of Eric

6   Schwarz, those individuals have received their portion of the QHL Trust Funds, and are not named

7   in the Complaint.

8          6.      On the other hand, each defendant named in the Complaint is someone who Plaintiff

9   was unable to contact.  Attached hereto as Exhibit "1" is the name, and last known address for each

10  defendant named in the Complaint.  Plaintiff attempted to serve the Complaint on May 26, 2016.

11  However, as set forth in Exhibit "1" there are 4 defendants for whom Plaintiff could not locate any

12  address.   These defendants are: RC Construction, Eleanor Ward, Filipe Godina and Bernita

13  Carstairs (collectively, the "No Address Defendants").

14         7.      In addition, Plaintiff has already received "returned" mail which the U.S. Post

15  Office could not deliver for several defendants (collectively, the "Changed Address Defendants").

16  A list of those defendants is set forth in Exhibit "2" to this Declaration.  Prior to the hearing on this

17  Motion, Plaintiff will provide the Court with an update to this list of the Changed Address

18  Defendants. Therefore, through this Motion, Plaintiff requests that the Court issue an alias

19  summons, and seeks authority to serve the Complaint and the alias summons on the No Address

20  Defendants and the Changed Address Defendants, by publication.  In addition, Plaintiff seeks

21  authority to have the costs for publication to be paid from the QHL Trust Funds being held by

22  Plaintiff's counsel.

23         I declare under penalty of perjury that the foregoing is true and correct, and that this

24  Declaration was executed this 10th day of June 2016 at Calabasas, California.

25

26                                          _____
                                            David Gould
27

28

-10-

# DECLARATION OF ERIC SCHWARZ

I, Eric Schwarz, declare as follows:

1.      I am the Executive Vice President of Rust Omni.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

2.      On August 21, 2007, Quality Home Loans ("Debtor") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.  On October 31, 2007 the Court entered an order approving the appointment of David Gould as the Chapter 11 Trustee for the Debtor's estate ("Trustee").  On August 31, 2009, the Court entered its order confirming the joint liquidating Chapter 11 Plan ("Plan") proposed by the Committee and the Trustee.  The Plan became effective on September 3, 2009.  Mr. Gould was then appointed as the Estate Representative under the confirmed Plan ("Estate Representative").  Rust Omni served as the field agent to Mr. Gould in his capacity as Trustee and then in his capacity as the Estate Representative.

3.      On December 1, 2015, the Estate Representative filed a Motion for Order: (1) Approving Entry Into Remnant Assignment Agreement; (2) Approving Final Report and Account and Distributions; and (3) Discharging Estate Representative and Entering Final Decree Closing Case ("Motion for Final Decree"). [*ECF 743*]   In the Motion for Final Decree, the Estate Representative advised the Court that he had fully administered the Debtor's Chapter 11 estate, except that he was holding approximately $98,779.33 in unclaimed trust funds ("QHL Trust Funds"), and that the Plan was silent as to how the unclaimed property should be treated.  Plaintiff advised the Court that he intended to interplead the QHL Trust Funds with the Clerk of the United States Bankruptcy Court ("Clerk"), and that he would ultimately move the Court for an order authorizing that any unclaimed portion of the QHL Trust Funds be treated in a manner consistent with unclaimed property in a Chapter 7 case.

4.      As field agent for Plaintiff, I reviewed the records maintained by the Debtor relating to the individuals that may have a claim against the QHL Trust Funds.  I then sent letters to each person at the last known address listed in the Debtor's records.  I was able to contact several individuals and ultimately I assisted the Estate Representative in disbursing checks from the QHL Trust Funds to those individuals.

5.      However, there were other individuals that I was unable to contact.  I then used two different "web-based" people finding organizations in an attempt to locate the individuals who might have an interest in the QHL Trust Funds.  Based upon the additional information that I was able to obtain, I attempted to make contact with the individuals.

6.      Unfortunately, despite my efforts, I was unable to make contact with any of the defendants that are named in the Complaint.  Attached to Mr. Gould's Declaration as Exhibit "1" is a true and correct copy of a list that I prepared that sets forth the last known contact information for each defendant in this action, and the four defendants for whom we were unable to locate any address.  Attached to Mr. Gould's Declaration as Exhibit "2" is a true and correct copy of a list that I prepared that sets forth the return mail that Rust Omni received after it attempted to serve the summons and Complaint on May 26, 2016.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this 10TH day of June 2016 at Woodland Hills, California.

Eric Schwarz

-12-

## DECLARATION OF DAVID LAWRENCE OBERG

I, David Lawrence Oberg, declare as follows:

1.      I am an attorney at law, duly licensed to practice before all Courts of the State of California, and admitted to practice before the United States District Court for the Central District of California.  I am the principal of a professional corporation, known as the Law Offices of David Lawrence Oberg, a Professional Corporation ("Firm").  The Firm is counsel for David Gould, the former Estate Representative, and the plaintiff in the above-captioned adversary proceeding ("Plaintiff").

2.      On May 23, 2016, on the behalf of the Plaintiff, I filed a Complaint in Interpleader. Through this Motion, Plaintiff seeks authority to have the Court issue an alias summons, and to serve the alias summons and Complaint by publication in the Los Angeles Times ("LA Times").

3.      On May 18, 2016, I spoke with Taylor (800-528-4637) in the legal advertising section of the LA Times.  Taylor advised me that the LA Times will charge a "flat fee" for publishing the summons in this type of matter, and that the cost will be $1,307.00.  She explained that the LA Times will publish the summons once per week, for four consecutive weeks, and that the summons will also be published "electronically" on www.latimes.com.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this 10th day of June 2016, at Calabasas, California.

*/s/ David Lawrence Oberg*
David Lawrence Oberg

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Rust Consulting/Omni Bankruptcy, 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367

A true and correct copy of the foregoing documents entitled:

1. **Notice of Motion for Plantiff's Motion to Publish Summons**
2. **Plaintiff's Motion to Publish Summons; Memorandum of Points and Authorities; Declarations of David Gould, Eric Schwarz, and David Lawrence Oberg**

will be served or was served in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 10, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 10, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached pages

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 10, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 10, 2016 | Scott M. Ewing | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Quality Home Loans - U.S. Mail    Served 6/10/2016

ALFREDO MACIAS & VICTOR MORALES
4708 NORTH 55TH AVENUE
PHOENIX, AZ  85031

ALVIN WALDEN
122 VILLAGE LANE
DALY CITY, CA  94015

ANDRES ROSALES
9166 CERRITOS AVENUE #73
ANAHEIM, CA  93257

ANGEL J. PEREZ-MORALES
3684 LOWRY DRIVE
NORTH HIGHLANDS, CA  95660

ARNOLDO ROBINSON
764 SPRIG WAY
LOS BANOS, CA  93635

BARBARA J. WILLIAMS
13210 10TH STREET
BOWIE, MD  20715

BEATRICE NASH
40322 165TH STREET EAST
PALMDALE, CA  93611

BOB RICHMOND
47757 93RD STREET WEST
LANCASTER, CA  93536

BRYAN LOWERY
3491 RAWHIDE LANE
CHINO, CA  91710

CAESAR ACEITUNO
11225 MITONY AVE
WHITTIER AREA, CA  90044

CARLA DENISE WESLEY
19018 ANDMARK AVENUE
CARSON, CA  90746

CARLOS R. NUNEZ
486 SOUTH ALTA VISTA STREET
PORTERVILLE, CA  90007

CONNIE B. JOHNSON
7657 NORTH WINDING TRAIL
PRESCOTT VALLEY, AZ  86314

CRAIG VERNON
371 SAN MARTIN DRIVE
BIG BEAR CITY, CA  92314

DANIEL JOHNSON
626 AUSTIN STREET
DELANO, CA  93215

DAVID L. BART III
24888 KALIMA AVENUE
MORENO VALLEY, CA  92553

DEAN  JONES
16465 GREEN TREE BOULEVARD #13
VICTORVILLE, CA  93930

DEBORAH L. DAVIS
18 VILLA DRIVE
SAN PABLO, CA  94806

DEL G. AZCUETA
6863 PARAPET STREET
LONG BEACH, CA  90808

DIANA JOHNSON-THOMAS
5700 ELK SPRING WAY
ELK GROVE, CA  95758

DITAGI J. GREENE
23225 SONNET DRIVE
MORENO VALLEY, CA  92557

DRAPER & GOLDBERG, PLLC
44050 ASHBURN SHOPPING PLAZA, SUITE 195
ASHBURN, VA  20147-7916

EDWARD HERVEY
11108 RINGWOOD AVENUE
SANTA FE SPRINGS, CA  90670

ELLIOTT RUBEN
24622 BRIGHTON DRIVE UNIT B
VALENCIA, CA  91355

GWENDOLYN GROVE-WILLIAMS
12925 SHEARWATER PLACE
VICTORVILLE, CA  92392

J. KRISTOPHER TOMERLIN
531 WALLACE AVENUE
VALLEJO, CA  94590

JACQUELINE O'NEILL
2124 CALVILLE STREET # 102
LAS VEGAS, NV  89128

JAIME DIEZ, JR.
4212 J STREET
SAN DIEGO, CA  93950

JAMEY GUILLERMO
116 SOUTH DOREE STREET
POTERVILLE, CA  90304

JEREMY D. HENDERSON
5948 EAST ARROYO LINDO
APACHE JUNCTION, AZ  85219

JOHN PAUL COWAN
8614 DUNWOODIE ROAD
SANTEE, CA  92071

JORGE CERVANTES
1612 MARION DRIVE
BAKERSFIELD, CA  93304

JOSEPH DONALD BAILEY
15051 CRAWFORD AVENUE
ADELANTO, CA  92301

Quality Home Loans - U.S. Mail

Served 6/10/2016

JOSEPH LEWIS
7160 E. FILLMORE STREET
PORT ORCHARD, WA  98366

JOSEPH LOGAN
936 EAST FLORENCE AVENUE
FRESNO, CA  93706

JUAN ANTONIO ROMERO
11162 SANTA FE AVENUE
LYNWOOD, CA  90262

KATIE JONES
1615 EAST 124TH STREET
COMPTON, CA  90222

KEVIN F. SANBORN
3361 BIG DALTON AVENUE
BALDWIN PARK, CA  91706

KEVIN WILLIAMS
3380 CAMBRIDGE STREET
LAS VEGAS, NV  89169

KIRK PARHAM
14 CORNICHE DRIVE #A
DANA POINT, CA  92629

LASHAWN MCCALL
6229 TISHIMINGO COURT
CITRUS HEIGHTS, CA  95621

LAWRENCE ATKINSON
3641 NORTHWEST 33RD TERRACE
LAUDERDALE LAKES, FL  33309

LEIGHTON L. JOHNSON JR.
20845 COCHISE AVENUE
BARSTOW, CA  92311

LEWIS CUNNINGHAM III
4804 BURLAND AVENUE
BALTIMORE, MD  21206

LORENA CERON
31430 AVENIDA EL PUEBLO
CATHEDRAL CITY, CA  93270

LUCY A. ROMERO
180 EAST VALLEY STREET
SAN BERNARDINO, CA  92408

LUZ MARIA MORALES
1480 EAST 22ND STREET
LOS ANGELES, CA  93030

MARIBEL JONES
2767 NORTH MOUNT VIEW
SAN BERNARDINO, CA  92405

MARY HELEN B. MILANES
523 ENGLISH STREET
SANTA ANA, CA  95360

MICAELA SEDANO
728 WEST 142ND STREET
GARDENA, CA  90247

MICHAEL O. FOX
31804 126TH AVENUE SOUTHEAST
AUBURN, WA  98092

NATHAN C. NYE JR.
21994 TANAGER STREET
GRAND TERRACE, CA  91764

NATIONAL FIELD REPRESENTATIVE
136 MAPLE AVENUE
CLAREMONT, NH  03743

NORRAL MATTHEW
1343 WEST 36TH PLACE
LOS ANGELES, CA  94401

ODNEY BREDY
1341 NORTHWEST 9TH STREET
HOMESTEAD, FL  33030

PARNELLI DAVIS
38726 LEMSFORD AVENUE
PALMDALE, CA  90037

RAMON MARQUEZ
746 STACEY AVENUE
EL CENTRO, CA  93305

REYNA REYNOSO
75 CATHCART AVENUE
SACRAMENTO, CA  93550

RICARDO RAMIREZ
8788 VALLEY VIEW STREET #A
BUENA PARK, CA  92555

RICHARD B. BARTIK
828 JAZZ COURT
SAN JOSE, CA  92346

RITA M. DURKEE
2704 TIROL DRIVE
FRAZIER PARK, CA  91706

SAMMIE MILDRED BURTON
650 NORTH DELAWARE STREET
CHANDLER, AZ  85225

SANDRA GALE MARTINO
920 GLENDORA DRIVE
OCEANSIDE, CA  92057

SAUL ORTEGA
734 EAST 121ST PLACE
LOS ANGELES, CA  90059

SOLEDAD MEZA
5332 BEGONIA ROAD
PHELAN, CA  93722

VIRGINIA ROBINSON
174 NORTH FULTON AVENUE
FRESNO, CA  92410

Quality Home Loans - U.S. Mail

Parties Served: 66

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

23679 Calabasas Road, Suite 541, Calabasas, California 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
Plaintiff's Motion To Publish Summons; Memorandum of Points and Authorities; Declarations of David Gould,
Eric Schwarz, and David Lawrence Oberg
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
06/10/2016_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

   David L Oberg    david@oberglawapc.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

   See attached.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   06/10/2016_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
 Honorable Geraldine Mund
 United States Bankruptcy Court
 21041 Burbank Boulevard
 Woodland Hills, California 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/10/2016 | David L. Oberg | /s/ David L. Oberg |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.